**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4170**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOHN EDWARD PATTERSON, a/k/a Pat Patterson,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:06-cr-00251-LHT-5)

Submitted: February 20, 2009          Decided: April 8, 2009

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas A. Will, Jr., THE LAW OFFICE OF THOMAS A. WILL, JR., Gastonia, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Edward Patterson, a/k/a Pat Patterson, appeals his conviction and sentence for conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). Patterson pled guilty pursuant to a written plea agreement that stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(B), that the Career Offender provision set out in U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 "may be used" in determining his sentence if it was determined to be applicable. Patterson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 739 (1967). Although concluding that there are no meritorious issues for appeal, counsel questions whether Patterson's guilty plea was valid and whether he received ineffective assistance of counsel. Patterson has not filed a pro se supplemental brief and the Government declined to file a brief. After a careful review of the record, we affirm.

I.

Under Rule 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special

2

assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3).

At the Rule 11 hearing, the district court informed Patterson of the nature of the charges against him, the possible application of the guidelines to his sentence, and the fact that he would not be allowed to withdraw his guilty plea if he received a higher sentence than he expected. When Patterson questioned the guidelines range determined at the sentencing hearing, and the court questioned whether he understood that he could have chosen to go to trial, Patterson indicated that he would not have wanted to go to trial, and did not seek to withdraw his guilty plea. The record reflects that his guilty plea was knowing and voluntary.

3

II.

We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). In this case, there is no conclusive indication from the record that Patterson's counsel did not properly advise him regarding his plea agreement, despite Patterson's contention that his counsel estimated his guidelines range would be lower than it was determined to be, perhaps based upon a mistaken prediction that Patterson would not be sentenced as a career offender. The plea agreement specifically noted that Patterson might be sentenced as a career offender, and the record does not conclusively indicate that Patterson's counsel failed to effectively advise him regarding that provision.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Patterson, in writing, of the right to petition the Supreme Court of the United States for further review. If Patterson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Patterson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>